# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY DAVISON, ) | 1:08cv1005 DLB |
| ) | |
| Plaintiff, ) | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. ) | (Document 11) |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| Defendant. ) | |

Plaintiff Terry Davison ("Plaintiff") filed the instant action on July 3, 2008. On December 9, 2008, Defendant filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). Defendant bases its motion on its belief that the complaint is untimely. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge.[1]

## BACKGROUND

On February 29, 2008, an Administrative Law Judge issued a decision denying Plaintiff's claim for benefits under Title XVI of the Social Security Act. Declaration of Rose Ray ("Ray Dec."), ¶ 3, Exh. 1. Plaintiff appealed the action and on April 25, 2008, the Appeals Council denied her request for review. In the Notice of Action, the Appeals Council notified Plaintiff that

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. On August 25, 2008, the Honorable Oliver W. Wanger reassigned the case to the undersigned for all purposes.

1

1  she had 60 days to file a civil action, and the 60 days start to run the day after she receives the
2  Notice.  The Appeals Council assumes that Plaintiff receives her letter within five days.  Ray
3  Dec., ¶ 3, Exh. 2.  Using these dates, Plaintiff had until June 30, 2008, to file her civil action.
4  　　　　On July 3, 2008, Plaintiff, through her attorney, requested an extension of time to file a
5  civil action.  Counsel explained that Plaintiff returned paperwork to a different office, after the
6  case was transferred from that office to another.  Ray Dec., Exh. 3.  Also on July 3, 2008,
7  Plaintiff filed this action.
8  　　　　The Appeals Council denied Plaintiff's request for an extension of time on August 5,
9  2008, finding that good cause did not exist for extending her time for filing.  Ray Dec., ¶ 3,
10  Exh. 4.
11  　　　　Defendant filed the instant motion to dismiss on December 9, 2008.  Plaintiff did not file
12  an opposition.

13  **DISCUSSION**

14  A.　　Motion To Dismiss Standards
15  　　　　F.R.Civ.P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction.
16  Limits upon federal jurisdiction must not be disregarded or evaded.  *Owen Equipment & Erection*
17  *Co. v. Kroger*, 437 U.S. 365, 374 (1978).  A plaintiff has the burden to establish that subject
18  matter jurisdiction is proper.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, (1994).
19  When a defendant challenges jurisdiction "facially," all material allegations in the complaint are
20  assumed true, and the question for the Court is whether the lack of federal jurisdiction appears
21  from the face of the pleading.  *Thornhill Publishing Co. v. General Telephone Electronics*, 594
22  F.2d 730, 733 (9th Cir. 1979); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d
23  Cir. 1977); *Cervantez v. Sullivan*, 719 F.Supp. 899, 903 (E.D. Cal. 1989), *rev'd on other*
24  *grounds*, 963 F.2d 229 (9th Cir. 1992).
25  　　　　A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings
26  set forth in the complaint.  A motion to dismiss for failure to state a claim should not be granted
27  unless it appears beyond doubt that plaintiff can prove no set of facts to support the claim to
28  entitle him to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v.*

*Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence, either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). st to review the ALJ's decision.  20 C.F.R. §§ 404.981 and 422.210.

B.      <u>Analysis</u>

Judicial review of the Commissioner's administrative decisions is governed by Section 405(g) of the Social Security Act, which reads in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

Section 405(g) therefore operates as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner.  *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir.1987).

According to the time frame set forth above, Plaintiff's civil action should have been filed by June 30, 2008.  Plaintiff did not file her complaint, however, until July 3, 2008.  Her complaint was therefore untimely.

As Plaintiff did not oppose this motion, she has set forth no argument for equitable tolling.  Defendant's motion is therefore GRANTED.

## **CONCLUSION**

For the reasons discussed above, this Court GRANTS Defendant's motion to dismiss.  The Clerk is DIRECTED to close this action.

IT IS SO ORDERED.

Dated:   **January 20, 2009**                                 **/s/ Dennis L. Beck**
                                                                              UNITED STATES MAGISTRATE JUDGE